1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LUBOCKI, an individual; MONIKA SETYAN, an individual; AMEEN SBITANI, an individual; and GILBERT BOLDEN, an individual, <br><br><br> Plaintiffs, <br><br> vs. <br><br><br> ZIPREALTY, INC., a Delaware corporation, <br><br> Defendant. | Case Number:  CV-07-02959-SJO (JCx) <br><br> **FINAL ORDER AND JUDGMENT** <br><br><br> Date:        Monday, March 10, 2008 <br> Time:       10:00 am <br> Place:      Courtroom 880 <br>               312 N. Spring Street <br>               Los Angeles, CA  90012 <br><br><br> The Honorable S. James Otero <br> United States District Judge |

- 0 -

THIS MATTER came before the Court for hearing pursuant to the Order Certifying Settlement Class, Preliminarily Approving Class Action Settlement, Approving and Directing Mailing of Class Notice, and Scheduling Final Approval Hearing, dated December 19, 2007, subsequently revised by the Order Modifying Final Approval Hearing Schedule, dated January 3, 2008 (collectively referred to herein as "Preliminary Approval Order"), on Motion for approval of the proposed settlement set forth in the Class Action Settlement Agreement, dated November 13, 2007 ("Settlement Agreement").

Following the dissemination of Notice, Class Members were given an opportunity to object to the Settlement Agreement, Class Counsel's application for attorneys' fees, reimbursement of costs and expenses, and the Named Plaintiffs' request for Incentive Awards.

The Court held a Final Approval Hearing on March 10, 2008, at which time all interested persons were given an opportunity to state any objections to the Settlement Agreement. The Final Approval Hearing was held more than 55 days after Defendants provided notice as required by applicable statute.

Due and adequate notice having been given of the proposed settlement set forth in the Settlement Agreement as required by the Preliminary Approval Order, and having read and fully considered the terms of such Settlement Agreement, the request for attorneys fees and unreimbursed expenses of litigation, the requests for incentive awards, and all other submissions in connection therewith, including any objections, the Court finds that the Settlement Agreement and request for attorneys fees and expenses, and requests for incentive awards, should each be finally approved and this action dismissed with prejudice as to all Class Members who did not request exclusion from the Class, and without prejudice to all Persons who timely and validly excluded themselves from the Class.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

1.      This Final Order and Judgment incorporates by reference the definitions in the Settlement Agreement, and all defined terms used herein shall have the same meanings as set forth in such Settlement Agreement.

2.      The Class in this action as previously certified is and has been defined as follows: The "CAO Subclass" is defined as "all current and former ZipRealty real estate agents who worked for ZipRealty outside of California, from whom ZipRealty deducted a CAO charge from May 4, 2003 to September 30, 2005. The "Pending Transactions Subclass" is defined as "all former ZipRealty real estate agents whose employment terminated in the period between May 4, 2003 and August 31, 2007, who had a pending transaction at the time of their employment terminated that subsequently closed, but who were not paid the same commission on that transaction as they would have received had they remained employed at the time of the closing."

The Court finds that the Class, comprised of the forgoing Subclasses, as defined above, continues to satisfy all the requirements of Rule 23 of the Federal Rules of Civil Procedure.

3.      The Court hereby finds and concludes that notice has been given to all Class Members known and reasonably identifiable in full satisfaction of the requirements of Rule 23 of the Federal Rules of Civil Procedure and due process. The notice given constituted the best notice practicable under the circumstances.

4.      The Court hereby approves the Settlement Agreement as fair, reasonable and adequate, and directs consummation of all its terms and provisions. With respect to its determination that the Settlement Agreement is fair and adequate, the Court specifically notes that the outcome of a trial on the merits was by no means certain, this litigation involved complex factual and legal issues, the Settlement Agreement was reached with the participation of a highly-respected mediator and retired judge, and the settlement amount reflects a substantial benefit to Class Members.

5.      The Court also hereby approves the requests of Class Counsel for attorneys' fees and unreimbursed litigation expenses, which request the Court determines is fair, reasonable and adequate.

6.      The Court also hereby approves the requests of Named Plaintiffs for incentive awards, which requests the Court determines are fair, reasonable and adequate.

7.      The Court dismisses on the merits and with prejudice the Class and Collective Action Complaint ("Complaint") and the Released Claims as defined in the Settlement Agreement.  Upon the Effective Date of the Settlement Agreement, the Representative Plaintiffs and each Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall, except as otherwise provided in the Settlement Agreement, (a) have released and forever discharged the released parties from all manner of claims, demands, actions, suits, cause of action, whether class, individual, or otherwise in nature, damages whenever incurred, liabilities of any nature whatsoever, including costs, expenses, penalties and attorney's fees, known or unknown, suspected or unsuspected, in law or equity, that any member of the Class (including any of their past, present or future officers, directors, agents, employees, legal representatives, trustees, parents, associates, licensees, subsidiaries, partners, heirs, executors, administrators, purchasers, predecessors, successors and assigns), whether or not he/she or it objects to the settlement and whether or not he/she or it makes a claim upon or participates in the Settlement, whether directly, derivatively, representatively or in any other capacity, ever had, now has or hereafter can, shall or may have concerning or relating to any conduct alleged in the Complaint in this Action, and including without limitation all claims that have been asserted or could have been asserted in any litigation against Released Parties or any of them for any conduct alleged in the Complaint in this Action; and (b) in addition, upon the Effective Date of the Settlement, the Representative Plaintiffs and each Class Member shall be deemed to have, and by operation of this Final Order and Judgment shall

- 3 -

1   have, waived and released any and all provisions, rights and benefits conferred by

2   §1542 of the California Civil Code, which states:

3

4       **Section 1542.  Certain Claims not Affected by General Release.**

5       **A general release does not extend to claims which the creditor**

6       **does not know or suspect to exist in his favor at the time of**

7       **executing the release, which if known by him must have**

8       **materially affected his settlement with the debtor;**

9

10  or by any law of any state or territory of the United States, or principle of common

11  law, which is similar, comparable or equivalent to §1542 of the California Civil Code.

12  The Court has considered that each member of the Class may hereafter discover facts

13  other than or different from those which he, she or it knows or believes to be true with

14  respect to the claims which are the subject matter of the Settlement Agreement, but

15  each member of the Class by operation of this Final Order and Judgment was waived

16  and fully and forever settled and released any known or unknown, suspected or

17  unsuspected, contingent or non-contingent claim with respect to the subject matter of

18  the Settlement Agreement, whether or not concealed or hidden, without regard to the

19  subsequent discovery or existence of such different or additional facts.

20      8.      All members of the Class who did not duly request exclusion from the

21  Class in the time and manner provided in the Class Action Notice are permanently

22  enjoined and restrained from commencing or prosecuting any action, suit, proceeding,

23  claim, or cause of action in any jurisdiction or court against Defendant or any of the

24  other entities or persons who are to be discharged as noticed herein based upon,

25  relating to, or arising out of, any of the matters which are discharged and released

26  herein, except as otherwise provided in the Settlement Agreement.

27      9.      Only the Persons identified in Exhibit 1 hereto requested exclusion from

28  the Class as of the deadline for opting out.  These Persons so identified shall not share

in the benefits of the Settlement.  The Court dismisses without prejudice the claims of such Persons who have properly and timely excluded themselves in full accordance with the procedures set forth in the Settlement Agreement.

10.     Neither any modification or appellate reversal of the disposition of the applications for attorneys' fees and reimbursement of litigation expenses, and incentive awards, nor any order entered by the Court thereon, shall in any way disturb or affect the finality of the Settlement, and all such matters shall be considered separate from this Court's final approval of the Settlement.

11.     If (a) the Effective Date of Settlement does not occur for any reason whatsoever, or (b) the Settlement Agreement becomes null and void pursuant to the terms of the Settlement Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

12.     Nothing in this Final Order and Judgment or the Settlement Agreement and no aspect of the Settlement is or shall be deemed or construed to be an admission, concession or evidence of any violation of any statute or law or any liability or wrongdoing by any Defendant or released Party or of the truth of any of the factual or legal claims or allegations relating to the subject matter of the Released Claims.

13.     Without affecting the finality of this final Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all members of the Class, in conjunction with the execution, consummation, administration, and enforcement of the terms of the Agreement.

14.     The Clerk is directed to enter this Final Order and Judgment forthwith as the final Judgment of the Court.

IT IS SO ORDERED.

Dated: _____3/10/08_____        ____/S/_____

THE HONORABLE S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

1 | Submitted by:

2

3 | Dated: February 14, 2008        ERNEST J. FRANCESCHI, JR., APC

4

5 |       BY_____
         ERNEST J. FRANCESCHI, JR.

6 |          ATTORNEY FOR PLAINTIFFS

7

8 | Dated: February 14, 2008        BAWEJA LAW GROUP

9

10 |       BY_____

11 |          SANDEEP BAWEJA
         ATTORNEY FOR PLAINTIFFS

12

13

14 | Dated: February 14, 2008        KERR & WAGSTAFFE LLP

15

16 |       BY_____
         MICHAEL VON LOEWENFELDT

17 |          MICHAEL NG
         ATTORNEY FOR DEFENDANT

18

19

20

21

22

23

24

25

26

27

28

- 6 -